# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DARRAL ADAMS,<br><br>　　　　Respondent. | 1:07-cv-01110-AWI-TAG HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO FILE AMENDED PETITION (Doc. 11); ORDER DIRECTING AMENDED PETITION TO BE FILED WITHIN THIRTY DAYS<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION TO FILE AMENDED PETITION (Doc. 10)<br><br>ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY (Doc. 9)<br><br>ORDER WITHDRAWING ORDER TO ANSWER (Doc. 7)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER A FORM PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed his original federal petition on July 30, 2007. (Doc. 1). On January 15, 2008, after conducting a preliminary screening of the petition, the Court ordered Respondent to file his response to the petition. (Doc. 7). On January 28, 2008, apparently in response to the Court's order to answer, Petitioner filed a motion for discovery. (Doc. 9). On January 31, 2008, Petitioner filed a motion to amend his petition by deleting one claim and adding another. (Doc.

1

10).  Then, to complicate matters further, Petitioner filed yet another motion to amend on February 5, 2008, this time simply contending that he wishes to file an amended petition to properly "federalize" his claims.  (Doc. 11).

## **DISCUSSION**

A. <u>Leave to Amend</u>.

    A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases.  <u>Calderon v. United States District Court (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).

    Here, because no responsive pleading has yet been filed, Petitioner has a right to file an amended petition.  Thus, although no leave of Court is formally required on this occasion, the Court will grant Petitioner's motion to amend, dated February 5, 2008.  (Doc. 11).  However, it does bear mentioning that, by waiting seven months until the Court had conducted its review of the petition and issued a scheduling order with filing deadlines for the case, Petitioner has placed the Court in the position of now having to withdraw its earlier order, wait for Petitioner to file his amended petition, screen the amended petition, and determine what, if any, further action is merited.

    The Court assumes that Petitioner's request to file an amended petition dated February 5, 2008, supercedes his earlier request to amend his petition dated January 31, 2008.  Thus, the Court will deny the earlier request as moot and grant the later request.  Moreover, because the amended petition will supercede the original petition, the Court will withdraw the order to answer dated January 15, 2008.

B. <u>Discovery</u>

    Unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. <u>Bracy v. Gramley</u>, 520 U.S. 899, 901, 904, 117 S.Ct. 1793 (1997). Rule 6 of the Rules Governing

Section 2254 Cases states that a party may request discovery under the Federal Rules of Civil Procedure. However, discovery is limited to the discretion of the district court and only if good cause is shown. See Rule 6 of the Rules Governing Section 2254 Cases. Court approval of all discovery is necessary. See Rule 6; Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases.

The Court may use a variety of methods to avoid the need for an evidentiary hearing. Blackledge v. Allison, 431 U.S. 63, 81, 97 S.Ct. 1621 (1977). In some situations, discovery may be appropriate to replace the need for an evidentiary hearing. Id. In addition, Rule 7 of the Rules Governing Section 2254 Cases allows the Court to direct the parties to expand the record to include additional documents. The purpose of this rule is to allow the judge to dispose of certain issues without the need for an evidentiary hearing. See Advisory Committee Notes to Rule 7 of the Rules Governing Section 2254 Cases.

Here, however, the Court sees no present need for discovery. Petitioner has requested leave to file an amended petition and the Court, in this Order, will grant leave to file an amended petition. Until the amended petition has been filed and the Court has conducted its preliminary screening of the petition to determine whether it satisfies basic requirements under federal law, it cannot be determined whether the case will be allowed to proceed. Accordingly, any request for discovery at this early juncture is entirely premature.

## ORDERS

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion for discovery (Doc. 9), is DENIED as PREMATURE;

2. Petitioner's motion to amend dated January 31, 2008 (Doc. 10), is DENIED as MOOT;

3. Petitioner's motion to amend dated February 5, 2008, is GRANTED; Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition using the form provided by the Clerk of the Court. Petitioner must state

each ground for relief clearly and concisely, being sure to allege a federal constitutional violation as a basis for each ground.  Petitioner must fill out the form petition **in its entirety,** listing any efforts he has made, either on direct appeal of his conviction or in state habeas corpus proceedings, to challenge his conviction or sentence, and list the dates and grounds raised at each court and the date each court ruled on each petition for writ of habeas corpus.  Petitioner must also name the proper respondent, as indicated in the body of this order.  The amended petition must be filed within thirty (30) days of the date of service of this order and should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury.  Petitioner should also note that every pleading to which an amendment is permitted *must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.*  Local Rule 15-220.

4. The Order to File a Response dated January 15, 2008 (Doc. 7), is WITHDRAWN; and,

5. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:  **February 7, 2008**                                    /s/ Theresa A. Goldner
                                                                 UNITED STATES MAGISTRATE JUDGE