UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL JAMES, | ) | 1:07-cv-01110-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO REQUIRE RETURN OF |
| v. | ) | DOCUMENTS |
| | ) | |
| DARRAL ADAMS, | ) | (Doc. 6) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**FACTUAL AND PROCEDURAL HISTORY**

The instant petition was filed on July 30, 2007. (Doc. 1). On November 26, 2007, Petitioner filed the instant motion for an order requiring the California Department of Corrections and Rehabilitation ("CDCR") to return to Petitioner portions of his own legal documents Petitioner alleges were not returned to him following a transfer from Corcoran State Prison to Salinas Valley State Prison. (Doc. 6). Petitioner indicated that the documents were necessary to file his traverse. (Id.). Petitioner indicated that he had filed an internal grievance proceeding through the CDCR, but that the process was too slow and Petitioner needed immediate relief. (Id.). On February 21, 2008, Petitioner, with leave of the Court, filed an amended petition. (Doc. 13). On May 19, 2008, the Court ordered Respondent to file a response to the amended petition. (Doc. 14). Currently, Respondent's answer is due no later than August 22, 2008.

///

**DISCUSSION**

To the extent that Petitioner requires the allegedly confiscated documents in order to file his traverse, the motion is premature. Respondent has not filed an answer, and thus Petitioner is not in a position to respond to that answer with his traverse.

More important, however, and for good reason, the Court is reticent to micro-manage the CDCR regarding its internal policies covering an inmate's possession of personal materials. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment....Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life...." <u>Sandin v. Conner</u>, 515 U.S. 472, 482, 115 S. Ct. 2293 (1995). In <u>Procunier v. Martinez</u>, 416 U.S. 396, 404-405, 94 S. Ct. 1800 (1974), <u>overruled in part on other grounds by</u> <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 109 S. Ct. 1874 (1989), the Supreme Court explained the basis for this deference:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration. In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions. More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention. Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism.

Here, some disruption in the delivery of personal effects to an inmate following his or her transfer is to be expected within a system as large as the California prison system. Also, the CDCR has its own internal procedures for pursuing such claims, and Petitioner has indicated he is invoking such procedures. At this time, therefore, the Court's ruling is to permit the CDCR's internal grievance system to follow its course. If, at the time Petitioner is required to file a traverse, the CDCR's internal procedures have not afforded Petitioner the relief he seeks, Petitioner may file this motion again.

///

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's motion for return of documents (Doc. 6), is DENIED without prejudice to re-filing at a later time.

IT IS SO ORDERED.

Dated:   **August 7, 2008**                                    **/s/ Theresa A. Goldner**
                                                               UNITED STATES MAGISTRATE JUDGE